Argued and submitted November 30, 1981, affirmed June 16, 1982

SCHUH et ux,
*Respondents,*

*v.*

THOMPSON,
*Appellant.*

(No. 2271, CA A21999)

646 P2d 670

James K. Gardner, Hillsboro, argued the cause and filed the brief for appellant.

Harold L. Olsen, St. Helens, argued the cause for respondents. With him on the brief was Vagt, Olsen & Reiman, St. Helens.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals from that portion of a trial court judgment awarding plaintiffs punitive damages for trespass. Because this was a law action tried to the court without a jury, the issue is whether, considering the evidence and all favorable inferences which may be reasonably drawn therefrom in the light most favorable to plaintiffs, there is any substantial evidence to support the trial court's findings. *White v. Bello,* 276 Or 931, 933, 556 P2d 1362 (1976). We affirm.

Plaintiffs and defendant are adjoining landowners. Defendant used a dirt road running across plaintiffs' land for ingress and egress to his property. In 1974, defendant sought a judicial declaration that he had a right to use the road. One week before the trial in that case, defendant drove a log skidder across the road. After a trial, the circuit court entered a decree which rejected defendant's claim. That decree was affirmed. *Thompson v. Schuh,* 286 Or 201, 593 P2d 1138 (1979).

In 1980, plaintiffs filed their complaint in this case, alleging the 1977 skidder incident as a trespass. Their complaint included a claim for punitive damages on the theory that defendant's trespass only a week before the trial on his suit for a declaration of his rights was malicious, willful and reckless. The evidence shows that at the time of defendant's trespass, gates and "No Trespassing" signs had been installed at plaintiffs' boundary line, and that defendant had been told to stay off plaintiffs' land.

At trial, defendant conceded the trespass. The trial court awarded plaintiffs judgment for $125 for trees and shrubs destroyed and $150 for the "scarring" of plaintiffs' land. Defendant does not appeal that portion of the judgment. The trial court found as a matter of fact that defendant's trespass was willful and malicious and awarded plaintiffs $2,000 punitive damages.

Plaintiffs contested defendant's declaratory judgment action. Instead of awaiting a judicial resolution of the issue, defendant entered onto plaintiffs' land without permission. We conclude that this type of conduct may support an award of punitive damages. Defendant's contention that

he had a good faith belief in his right to use the road is contrary to the trial court's finding of fact that his conduct was willful and malicious, a finding which is supported by substantial evidence in the record. *See Senn v. Bunick,* 40 Or App 33, 41, 594 P2d 837, *rev den* 287 Or 149 (1979).[1]

Affirmed.

---

[1] Defendant has an interesting history of property disputes with his neighbors. *See State v. Thompson,* 57 Or App 281, 644 P2d 608 (1982).